OPINION
Defendant Lloyd I. Kerr, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found he is the natural father of Rachel Devore. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 ERROR OCCURRED IN THE LOWER COURT WHEN THE MAGISTRATE GRANTED JUDGMENT TO THE APPELLEE BASED ON INSUFFICIENT EVIDENCE.
At trial, the State called one witness, Dr. Cheryl Conley of Gene Screen in Dayton, Ohio. Dr. Conley testified Gene Screen had done genetic testing on the appellant, the child, and the mother. Dr. Conley testified regarding the testing methods and reviewed the results of the particular test. Dr. Conley testified the test demonstrated the probability of paternity to be 99.99%. The test also showed appellant is 15,745 times more likely to be the child's biological father than a random untested man. Dr. Conley concluded, based upon her education, training, and experience, her opinion, to a reasonable scientific certainty was that appellant is the biological father of Rachel Devore.
Appellant admitted one act of sexual intercourse with the child's mother. Appellant's answer to the paternity complaint denied the sexual act occurred during the most probable period of Rachel's conception. Neither appellant nor the child's mother testified at the trial.
R.C. 3111.10 states:
 In an action brought under sections 3111.01 to 3111.19
of the Revised Code, evidence relating to paternity may include:
 (A) Evidence of sexual intercourse between the mother and alleged father at any possible time of conception;
 (B) An expert's opinion concerning the statistical probability of the alleged father's paternity, which opinion is based upon the duration of the mother's pregnancy;
 (C) Genetic test results, weighted in accordance with evidence, if available, of the statistical probability of the alleged father's paternity;
 (D) Medical evidence relating to the alleged father's paternity of the child based on tests performed by experts. If a man has been identified as a possible father of the child, the court may, and upon the request of a party shall require the child, the mother, and the man to submit to appropriate tests. Any fees charged for the tests shall be paid by the party that requests them unless the court orders the fees taxed as costs in the action.
 (E) All other evidence relevant to the issue of paternity of the child.
R.C. 3111.03 provides a man is presumed to be a child's natural father if, inter alia, genetic tests indicates a probability of 99% or greater that the man is the biological father. The presumption of paternity resulting from a genetic test may be rebutted only by clear and convincing evidence, see e.g. Filkins v. Cales (1993), 86 Ohio App.3d 61.
We have reviewed the record, and we find the appellee set forth sufficient evidence to demonstrate appellant is Rachel's biological father. Appellant did not rebut the presumption raised by the genetic test by clear and convincing evidence.
We find the trial court's judgment is based upon sufficient evidence, and is warranted by Ohio law.
Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur
 ______________________________ JUDGES
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.